Brady, J.
The affidavit upon which the order was made herein to punish the plaintiff makes no suggestion whether the plaintiff had property or not, and the order does not declare that the conduct-of the defendant was calculated to, *47 and actually did impair, impede, or prejudice the rights or •remedies of the respondent. The proceedings to punish a plaintiff for the non-payment of alimony are initiated by sections 1769, 1772, 1773, of the Code and embrace sections 2266 to 2232 also. If it appears presumptively to the satisfaction of the court that payment of the alimony ordered, cannot be enforced against the party directed to pay by sequestration of his personal property, and the rents and profits of his real estate, the proceedings to punish him may be taken under the sections lastly mentioned, and to which the defendant resorted m this proceeding.
It does not appear whether the plaintiff has any real or personal property, and it does not presumptively appear from anything contained in the record that payment cannot be enforced by the sequestration of such property, and consequently the order made is not maintainable. In Rahl v. Rahl (14 Weekly Digest, 560), the necessity of allegations in reference to the requirements stated was recognized. See also Isaacs v. Isaacs (61 How. P. Rep., 369.)
It is not necessary to consider in addition the point taken by the appellant, that it should also appear as adjudicated, that the misconduct of the plaintiff tended to and did impair the rights of the defendant, inasmuch as the proceeding is fatally defective in substance, as suggested.
The Code contemplates the appropriation of the property of the party first, and if that be not sufficient to pay the amount, then to punish by mandatory process. Cases supra. For these reasons, the order appealed from must be reversed, but as the plaintiff has not answered the application on the merits, no costs will be allowed.
Van Brunt, P. J., and Daniels, J., concur. .